```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-60446-CIV-ZLOCH
```

I'M A LITTLE TEACUP CORP.,

      Plaintiff,

                                 **O R D E R**

vs.

QUALITY PET PRODUCTS, LLC,
JOSEPH JONATHAN SOWA, and
PAMELA A. SOWA,

      Defendants.
_____/

      THIS MATTER is before the Court upon Plaintiff's Motion For Relief From Final Order Of Dismissal (DE 42).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      By prior Order (DE 41), the Court dismissed the above-styled cause for failure to comply with the Court's Order To Show Cause (DE 40).  In said Order To Show Cause, the Court ordered Plaintiff to file a Memorandum stating whether mediation had been held, and if not, why the Court should not dismiss the case for failure to comply with its Order Of Referral To Mediation (DE 10).  Said Memorandum was due by noon on Thursday, December 18, 2008.  As of December 29, 2008, eleven days after the Memorandum was due, no such Memorandum had been filed.  Therefore, the Court dismissed the above-styled cause without prejudice for failure to comply with the Court's prior Order.  After such a significant period of time had elapsed since the deadline imposed by the Court's Order, which

stated "[u]pon failure of Plaintiff to comply with the terms and conditions of this Order, the Court shall dismiss the above-styled cause without prejudice and without further notice or hearing," the Court assumed Plaintiff no longer wished to pursue this action. See DE 40, p. 2.

However, immediately after the Court entered its Final Order Of Dismissal, Plaintiff's Counsel took action, by placing phone calls to chambers and by filing the instant Motion on December 31, 2008. Apparently, the Court's Order To Show Cause did not garner Plaintiff's attention with the same efficacy as the Final Order Of Dismissal. Nevertheless, the Court shall vacate the Order (DE 41) to the extent it dismissed the case as to Defendant Quality Pet Products, LLC (hereinafter "Quality") so that Plaintiff may seek damages against said Defendant. By prior Order (DE 31), the Court entered Default Final Judgment against Quality as to liability and postponed the judgment as to damages at Plaintiff's request. The Court will now proceed to a determination as to the appropriate award of damages against Quality.

However, the Court's prior Order (DE 41) shall otherwise remain in full force and effect. The Court finds that Plaintiff failed to comply with its Order Of Referral To Mediation (DE 10). Although Plaintiff states in its Motion that it "was in compliance with the mediation order and had already filed a document with the Court [D.E. 25] advising of the inability to agree upon a

mediator," such effort falls short of compliance.  The Court's Order (DE 10) clearly lays out the duties of the Parties, and with respect to the present issue before the Court, paragraphs 1, 2, 7, and 11 are particularly relevant.

In the most simple of terms, paragraph 1 states that "all Parties are required to participate in mediation.  The mediation shall be completed no later than sixty (60) days prior to the pretrial conference."  DE 10, ¶ 1.  The record is clear that mediation was not held sixty days prior to mediation.  Paragraph 2 lays out the duties incumbent upon counsel.  Unless otherwise agreed, Plaintiff's Counsel "shall be responsible for scheduling the mediation conference."  DE 10, ¶ 2.  Further, if the Parties are unable to agree on a mediator, Plaintiff's Counsel is to notify the Clerk of this Court and request the Clerk to designate a mediator.  Id.  This is where the breakdown occurred.  Although Plaintiff's Counsel filed such a Notice on June 12, 2008, no mediator was selected as of the date of the Court's Order To Show Cause over six months later.

The instant Motion attempts to shift the blame to the Clerk of Court for having not selected a mediator; however, a little follow-up within the six-month time period of inactivity would have easily cured this dilemma.  Instead of making a phone call or filing a subsequent notice or motion, Plaintiff's Counsel sat idle.  By doing so, Plaintiff passed the Court-imposed deadline for mediation

3

and then failed to respond to the Court's Order To Show Cause.

Plaintiff had full notice from paragraphs 7 and 11 of the Order Of Referral To Mediation that sanctions, including dismissal, may result from its failure to comply with the Order.  DE 10, ¶¶ 7 & 11.  Also, the Court further warned Plaintiff as to the sanction of dismissal in its Order To Show Cause (DE 40).  Yet these warnings were not enough to motivate a response by Plaintiff. Instead, only the ultimate sanction of dismissal was sufficient. Therefore, the Court will leave undisturbed its prior Order (DE 41) as to Defendants Joseph Jonathan Sowa and Pamela A. Sowa.

The Court notes that the Order (DE 41) was without prejudice. Further, the instant Motion does not allege that Plaintiff will be time-barred from refiling its Complaint against said Defendants.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion For Relief From Final Order Of Dismissal (DE 42) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

2. To the extent the instant Motion requests that the Court vacate its prior Order (DE 41) as to Defendant Quality Pet Products, LLC, it be and the same is hereby **GRANTED,** and said Order is hereby **VACATED,** set aside, and of no further force or effect as to said Defendant only;

3. In all other respects the instant Motion is hereby **DENIED;**

4. The Pre-trial Conference previously set for <u>Friday, February 13, 2009</u>, be and the same is hereby **CANCELLED**; and

5. By <u>noon</u> on <u>Friday, February 20, 2009</u>, Plaintiff shall file a Memorandum, together with any Exhibits and Affidavits necessary to establish its request for damages against Defendant Quality Pet Products, LLC.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    3rd    day of February, 2009.

*[signature]*
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Parties and Counsel of Record